## Case No. 18,099.

### WRIGHT et al. v. UNITED STATES.

[2 Paine, 184.] [1]

### Circuit Court, S. D. New York. [2]

CUSTOMS DUTIES—FORFEITURE OF GOODS.

Under section 14, of the act of congress of July 14, 1832 [4 Stat. 593], it is not a distinct and substantive ground of forfeiture that on the opening, &c., of a package of imported goods, &c., the same are not found to correspond with the entry at the custom-house.

[In error to the district court of the United States for the Southern district of New York.]

In admiralty.

THOMPSON, Circuit Justice. This case comes up on a writ of error from the district court for the Southern district of New York. An information was filed in the district court against five cases of merchandise, alleging the same to have become forfeited. The information alleges the forfeiture incurred in various ways; but the question upon which the cause turned arises upon the 14th section of the act of congress of July 14, 1832, entitled "An act to alter and amend the several acts imposing duties on imports." That section is as follows: "That whenever, upon the opening and examination of any package or packages of imported goods, composed wholly or in part of wool or cotton, in the manner provided by the fourth section of the act for the more effectual collection of the import duties, approved on twenty-eighth day of May, one thousand eight hundred and thirty, the said goods shall be found not to

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [Date not given. 2 Paine includes cases decided between 1827 and 1840.]

correspond with the entry thereof at the custom-house, and if any package shall be found to contain any article not entered, such article shall be forfeited," &c.[3]

Upon the trial, the court decided that the construction to be given to this section was, that if the goods found in the package do not correspond with the entry, they are subject to forfeiture; that is, that the want of correspondence between the entry and the goods found in the package, was a distinct offence and a substantive ground of forfeiture, under this section of the law; and whether it be so or not, is the only question to be decided here. This section of the law is certainly very inartificially drawn, and its interpretation may admit of doubt; but I think the construction adopted in the district court cannot be sustained. If this want of correspondence is considered a separate, distinct and substantive ground of ·forfeiture, there is an entire omission of any express words declaring a forfeiture as the penalty for such want of correspondence. It must arise by implication, and this would violate the rules of construction applicable to penal statutes. If this is to be considered a distinct offence, it is difficult to say what circumstances shall constitute it. Any disagreement is a want of correspondence, and the clause is too vague and indefinite in the description of the offence. The forfeiture, if incurred under this clause in the section, must be a forfeiture of the whole package in which the goods shall

---

[3] Where a seizure of merchandise is made on suspicion of its having been illegally imported, it is the duty of the officer making the seizure to institute proceedings in rem in the district court, or if the suspicion should prove to be unfounded, to return the goods to the owner. By the act of 24th September, 1789 [1 Stat. 73], exclusive original jurisdiction is given to the district courts in all civil causes of admiralty and maritime jurisdiction, including seizures under laws of import, &c. And if the officer making the seizure shall refuse to institute the proper proceedings, on application of the aggrieved party, the court will compel him to proceed to adjudication, or to abandon the seizure. The Ann, 9 Cranch [13 U. S.] 289. In the case of Galston v. Hoyt, 3 Wheat. [16 U. S.] 246, the court remark: "The pendency of the suit in rem would be a good plea in abatement, or a temporary bar of the action, for it would establish that no good cause of action then existed. If the action be commenced after a decree of condemnation, or after an acquittal, and there be a certificate of reasonable cause· of seizure, then in the former case by the general law, and in the latter case by the special enactment of the statute of the 25th April, 1810, c. 64, § 1. the decree and certificate are each good bars to the action. But if there be a decree of acquittal, and a denial of such certificate, then the seizure is established conclusively to be tortious; and the party is entitled to his full damages for the injury." That the certificate of condemnation, as also the certificate of acquittal, is equally conclusive as to the character of the seizure, is clearly established by the authorities. Wilkins v. Despard, 5 Term R. 112, 117; Scott v. Shearman, 2 W. Bl. 977; Henshaw v. Pleasance, Id. 1174; Geyer v. Aquilar, 7 Term R. 681: Slocum v. Mayberry, 2 Wheat. [15 U. S.] 1; The Apollon, 9 Wheat. [22 U. S.] 362.

---

be found not to correspond with the entry, and the words "shall be forfeited," contained in the next clause, cannot be construed as applying to the antecedent clause; it provides for a distinct case: "And if any package shall be found to contain any article not entered, such article shall be forfeited." The forfeiture here is expressly limited to the article not entered, and cannot, by any construction, be extended to the whole package, which it must be if applied to the antecedent clause. The last clause in this section, which repeals a part of the 4th section of the act of 1830 [4 Stat. 410], would seem to afford some countenance to the construction that this want of correspondence was a distinct ground of forfeiture: "And so much of the said section as prescribes a forfeiture of goods found not to correspond with the invoice thereof, be and the same is hereby repealed." But this is evidently a mistaken construction or description of the effect and operation of that section of the act of 1830. It gives no forfeiture for such want of correspondence. It directs the collector to cause one or more packages of every invoice to be opened and examined, and if the same shall be found not to correspond with the invoice, or to be falsely charged in such invoice, the collector shall forthwith order all the goods contained in the same entry to be inspected, &c.; and if any package shall be found to contain any article not described in the invoice, or if such package or invoice be made up with intent, by a false valuation or extension or otherwise, to evade or defraud the revenue, the same shall be forfeited. The want of correspondence between the package and the invoice is not here made the ground of forfeiture; but its discovery is to lead to further examination, and the forfeiture grows out of other circumstances developed by such examination, viz.: that the package is found to contain any article not described in the invoice, or that the package or invoice was made up with intent to defraud the revenue. We find, also, in the act of the 1st of March, 1823 (Pamph. p. 23, § 15 [3 Stat. 735]), the same language made use of with respect to the want of correspondence. The collector is required to examine one or more packages, and if the same be found not to correspond with the invoice thereof, or to be falsely charged in such invoice, a full inspection of all the goods contained in the same entry shall be made, and, if subject to an ad valorem duty, an additional duty of fifty per cent. on the appraised value is to be demanded; and, whether subject to an ad valorem or specific duty, if any package be found to contain any article not described in the invoice, the whole package shall be forfeited. The ground of forfeiture here is not the want of correspondence between the package and invoice, but the forfeiture grows out of the discovery that the package contains some articles not described

in the invoice; and when we find in the acts of 1823 and 1830 the same language employed as in the act of 1832, and as in the two former there can be no pretence for the construction that a want of correspondence between the package and invoice works a forfeiture, so the latter ought not to receive a different construction. These laws being in pari materia, may be taken together for the purpose of discovering the true interpretation. In none of them is this want of correspondence made a distinct and substantive ground of forfeiture; but only imposes upon the collector the duty of further examination, and the forfeiture depends upon other discoveries. The consequence of finding in the package articles not described in the ·invoice was different, under the acts of 1823 and 1830, from that provided by the act of 1832. In the two former, such discovery worked a forfeiture of the whole package; in the latter, the article not entered is only forfeited. The judgment of the district court must, accordingly, be reversed.

---

WRIGHT (UNITED STATES v.). See Cases Nos. 16,769–16,778.

WRIGHT (UNITED STATES ex rel. HENDERSON v.). See Case No. 16,777.

WRIGHT (UNITED STATES ex rel. TURNER v.). See Case No. 16,778.